IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY MOGEL,<br>    Plaintiff,<br><br>  v.<br><br>CITY OF READING,<br>    Defendant. | :<br>:<br>:<br>:   Civil No. 5:20-cv-04464-JMG<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                            **February 14, 2022**

**I.  OVERVIEW**

    Plaintiff worked for Defendant as a high-ranking firefighter. After retiring, Plaintiff sued Defendant claiming that Plaintiff should have been paid overtime compensation under the Fair Labor Standards Act ("FLSA"). The parties agreed to adjudicate this case through a non-jury trial. ECF No. 34. The Court held the trial on December 6, 2021, and received evidence from both parties. ECF No. 41. The Court heard testimony from Plaintiff, Second Deputy Larry Moyer, Second Deputy Michael Glore, and Fire Chief William Stoudt, Jr. The Court also admitted a variety of exhibits into evidence. After the trial, both parties submitted proposed findings of fact and conclusions of law. ECF Nos. 46, 47.

    Having reviewed the evidence submitted at trial, the parties' proposed findings of fact and conclusions of law, and the arguments advanced by counsel, the Court concludes that Plaintiff's claim for overtime compensation under the FLSA must fail because Plaintiff has not proven that he worked any hours beyond the maximum permitted under the statute. Accordingly, the Court must enter judgment in favor of Defendant.

## II.     FINDINGS OF FACT

1. Defendant is a city of the third class as defined in Pennsylvania's Third-Class City Code, 11 Pa.C.S. 10101, *et seq.* Pl.'s Pretrial Mem., Stip. No. 2 at 2 (ECF No. 36); Def.'s Pretrial Mem., Stip. No. 2 at 4 (ECF No. 27).

2. Plaintiff worked for Defendant's Fire Department from 1988 to July 2020. Transcript of Bench Trial ("Tr.") 22:12–23:3, 24:23–25.

3. Between 2014 and July 2020, Plaintiff worked in the Suppression Division of Defendant's Fire Department as a First Deputy Fire Chief. Tr. 24:14–25; 25:11–13.

4. As First Deputy, Plaintiff commanded one of Defendant's four fire response platoons. Tr. 28: 14–17.

5. Plaintiff's duties included not only supervising his platoon, preparing policies and reports, and maintaining equipment and discipline, but also responding to fires and emergencies. Tr. 28:14–31:13.

6. Plaintiff continued to receive training in fire suppression techniques during his time as First Deputy. Tr. 47:16–48:9.

7. Plaintiff worked the same shifts as his platoon—two 10-hour day shifts followed by two 14-hour night shifts followed by four days off. Tr. 25:22–26:2; 193:2–194:16; Ex. 34, App. 4 at 57.

8. Accordingly, Plaintiff's regular schedule required him to work forty-eight hours every eight days.

9. Defendant established this work schedule for the Fire Department's Suppression Division no later than 2011. Tr. 26:6–19; 68:8–19; 255:7–256:10.

10. Plaintiff often worked beyond his regularly scheduled forty-eight hours attending staff meetings and trainings, responding to emergencies, and "setting up shifts" to ensure each shift was fully staffed. Ex. 20 at 13–14; Tr. 71:23–72:23; 75:12–76:25.

11. Plaintiff documented almost all of the hours he worked outside his regular schedule in a time log. Tr. 71:23–72:23; 75:12–76:25.

12. The only irregular hours Plaintiff did not document were the hours he spent setting up shifts. Tr. 71:23–72:23; 75:12–76:25.

13. Plaintiff set up shifts infrequently. Tr. 98:15–99:7.

14. Plaintiff set up shifts only when the Second Deputy Fire Chief was on vacation or out sick, which occurred during no more than four or five tours of duty per year. Tr. 72:24–16.

15. When Plaintiff did set up shifts, he spent no more than an hour per workday doing so. Tr. 77:11–18.

16. Since Plaintiff was on duty only four days per eight-day work period, he could not have spent more than four hours in any given work period setting up shifts. *Id.*

17. Plaintiff filed this lawsuit seeking overtime compensation under the FLSA on September 11, 2020. ECF No. 1.

18. During the three years preceding September 11, 2020, Plaintiff recorded the most irregular hours in any eight-day period during the period encompassing January 22, January 24 and January 29 of 2018. Ex. 20 at 13–14.

19. Plaintiff recorded working one and a half irregular hours on January 22, four irregular hours on January 24 and two irregular hours on January 29, which amounts to a total of seven and a half irregular hours. Ex. 20 at 14.

20. The Court infers from Plaintiff's testimony that he spent an additional four hours setting up shifts during this eight-day period, bringing his total irregular hours worked during the period to eleven and a half. Tr. 77:11–18; 98:15–99:7.

21. The Court also infers Plaintiff worked his regularly scheduled forty-eight hours during this eight-day period, bringing his total hours worked during the period to fifty-nine and a half.

22. Accordingly, the Court finds Plaintiff worked no more than fifty-nine and a half hours in any single eight-day period during the three years before he filed this lawsuit.

### III.  DISCUSSION

#### a. Applicable Law

In most cases, the FLSA requires employers to pay their employees overtime compensation when those employees work more than forty hours per week. 29 U.S.C. § 207(a). But the FLSA provides a partial exemption to the forty-hour workweek for "public agency" employers whose employees work in "fire protection activities." 29 U.S.C. § 207(k). Public agency employers include local governments. 29 U.S.C. § 203(x). And employees in fire protection activities include any "firefighter" who "is trained in fire suppression, has the legal authority and responsibility to engage in fire suppression . . . is employed by a fire department . . . and is engaged in the prevention, control and extinguishment of fires . . . where life, property, or the environment is at risk." 29 U.S.C. § 203(y).

Under the partial exemption, a public agency employer must pay a firefighter overtime only if the firefighter works more than sixty-one hours in an eight-day work period. 29 U.S.C. § 207(k); 29 C.F.R. § 553.230. To take advantage of this partial exemption, however, an employer must have actually established an eight-day work period that recurred regularly during the

employee's course of employment. *Rosano v. Twp. of Teaneck*, 754 F.3d 177, 186 (3d Cir. 2014); *see also* 29 C.F.R. § 553.224(a) (defining "work period" as any "established and regularly recurring period of work").

Under the FLSA, employers bear the burden of proving that exemptions "plainly and unmistakably" apply to their employees. *Rosano*, 754 F.3d at 185. But the employee bears the initial burden of proving that he did in fact work beyond the maximum hours permitted under the statute. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *see also Rosano v. Twp. of Teaneck*, 754 F.3d 177, 188 (3d Cir. 2014).

### b. Analysis

Defendant has met its burden to prove that the partial exemption under 29 U.S.C. § 207(k) applies in this case. The parties have stipulated that Defendant is a third class city incorporated under Pennsylvania's Third Class City Code, 11 Pa.C.S.A. § 10101, *et seq.* As a third class city, Defendant is a political subdivision of the Commonwealth of Pennsylvania and is, therefore, a "public agency" under the FLSA. 29 U.S.C. § 203(x). And there is no question that Plaintiff was employed in "fire protection activities" under the FLSA. 29 U.S.C. § 203(y). Plaintiff worked in a fire department as a firefighter. He had been trained in fire suppression techniques and had been authorized to use those techniques. And he was often called into emergency situations to extinguish fires that threatened life, physical property and the environment.[1]

---

[1] The record contains conflicting evidence regarding whether Plaintiff's *primary duty* might have been an administrative or executive function rather than fire protection. *See* 29 C.F.R. § 541.700(a). But the Court need not, and does not, determine Plaintiff's primary duty because the determination would have no effect on the outcome of this case. If Plaintiff's primary duty was fire protection activity, then he would certainly come within § 207(k)'s partial exemption. Alternatively, if Plaintiff's primary duty was "administrative" or "executive," then Plaintiff would be *completely* exempted from the FLSA's maximum hours protections. 29 U.S.C.

And the record makes clear that Defendant established an eight-day work period by the time Plaintiff became a First Deputy and maintained that work period throughout Plaintiff's tenure. Plaintiff, Second Deputy Larry Moyer, and Fire Chief William Stoudt each testified that Plaintiff's platoon worked an eight-day work period composed of two day shifts, two night shifts, and four days off. And Plaintiff testified that he works the same schedule as his platoon. Plaintiff also submitted the collective bargaining agreement between Defendant and the firefighters below Plaintiff's rank that contains a work schedule reflecting the same eight-day cycle. All this evidence demonstrates that Plaintiff's schedule consistently followed an eight-day work period.

Plaintiff argues that the collective bargaining agreement reflects a seven-day work period because it contains an illustration that displays the eight-day work period superimposed on seven-day calendar weeks. But Plaintiff's argument is unpersuasive. First, the collective bargaining agreement did not control Plaintiff's schedule because he was not a member of the bargaining unit and was not, therefore, a party to the agreement. Second, statements in collective bargaining agreements are not dispositive because the question under § 207(k) is whether the plaintiff "*actually worked* cycles of between seven and twenty-eight days." *McGrath v. City of Philadelphia*, 864 F. Supp. 466, 475 (E.D. Pa. 1994) (emphasis in original). Third, the collective bargaining agreement merely illustrates how the eight-day work period cycles through the calendar and makes clear how a firefighter's shifts correspond to the days of the week in any given cycle. It does not suggest that the work period was actually limited to seven days.

Because Defendant has met its burden to prove that the partial exemption under § 207(k) applies and that it established an eight-day workweek, Plaintiff bears the burden of proving he

---

§ 213(a)(1); 29 C.F.R. §§ 541.100, 541.200. In either scenario, Plaintiff would not be entitled to overtime compensation, as the remainder of this opinion makes clear.

worked more than sixty-one hours in an eight-day work period. But Plaintiff has not carried this burden.

Plaintiff was scheduled to work forty-eight hours every eight-day work period. Plaintiff has provided two sources of evidence indicating that he worked additional irregular hours beyond his forty-eight regularly scheduled hours. The first source of evidence is a time log Plaintiff maintained throughout his tenure as First Deputy. In that time log, Plaintiff made a dated entry for each time he worked outside of his regular shifts. Plaintiff recorded his time down to the quarter-hour. The second source of evidence is Plaintiff's testimony that he also occasionally spent additional time "setting up shifts" that he did not record in his time log. Plaintiff testified that he spent no more than one hour setting up shifts per workday. Because Plaintiff worked only four of the eight days in a work period, he could not have spent more than four hours setting up shifts in any given work period.

Plaintiff filed this lawsuit on September 11, 2020, so the only work periods that are relevant to this case began on or after September 11, 2017. 29 U.S.C. § 225(a).[2] The most hours Plaintiff recorded in his time log for any eight-day period following September 11, 2017, was seven and a half hours for activities performed between January 22, 2018, and January 29, 2018. The Court assumes that these activities fell into the same work period so that all seven and a half hours can be credited toward a single work period. The Court also assumes that Plaintiff was covering for an absent Second Deputy during this work period and so had to spend, at most, four additional hours setting up shifts during the work period. Even with these assumptions, though, Plaintiff would only have worked eleven and a half hours beyond his regularly scheduled forty-

---

[2] The Court need not, and does not, determine whether the statute of limitations should be two or three years under 29 U.S.C. § 225(a) because Plaintiff's claim would fail just the same under both limitations periods.

eight hours, bringing his total hours worked during the work period to fifty-nine and a half. Accordingly, even in the work period for which Plaintiff logged the most irregular hours, and even after bolstering those hours with every possible inference in Plaintiff's favor, Plaintiff still could not have worked more than sixty-one hours.

Because Plaintiff has not met his burden to show that he worked beyond the maximum hours permitted under 29 U.S.C. § 207(k) in any given work period, Plaintiff's claim under the FLSA must fail.[3]

---

[3] The Court recognizes that the role of 29 U.S.C. § 207(k) became a source of confusion in the days immediately preceding trial. *See* ECF No. 40; Tr. 7:13–8:2. But that confusion did not prejudice Plaintiff and presents no reason for the Court to avoid resolving this case on the basis of § 207(k)'s partial exemption.

Fundamentally, Plaintiff has been on notice that the § 207(k) partial exemption could apply to this case from the case's inception. Plaintiff acknowledged the partial exemption in his Complaint and plead that he had worked hours in excess of the partial exemption's allowance. Compl. ¶ 48 ("The FLSA requires that covered employees be compensated for all hours worked in excess of 212 hours during a 28-day work period."); *id.* ¶ 53 ("Defendant knowingly failed to compensate Plaintiff at a rate of one and one-half (1½) times his regular hourly wage for hours worked in excess of 212 hours in a 28-day work period."). Plaintiff further acknowledged the applicability of § 207(k) in the parties' joint Rule 26(f) report. Report of Rule 26(f) Meeting at 2 ("Plaintiff contends that the First Deputy position is a non-exempt 'first responder' who are [sic] subject to the partial exemption from the FLSA's overtime requirements pursuant to 29 U.S.C. §§ 207(k) and 203(y).").

It is true that Defendant did not raise § 207(k) as an affirmative defense in its Answer. *See* ECF No. 4. But most courts have held that § 207(k) is not an affirmative defense and need not be plead. *Compare Huff v. DeKalb Cty., Ga.*, 516 F.3d 1273, 1278 n.5 (11th Cir. 2008) *and Brock v. City of Cincinnati*, 236 F.3d 793, 808–10 (6th Cir. 2001) *with Lemieux v. City of Holyoke*, 641 F. Supp. 2d 60, 64 (D. Mass. 2009). And even if § 207(k) were an affirmative defense, Third Circuit precedent makes clear that Defendant could raise it at any point in the litigation so long as the delay would not "deprive [Plaintiff] of an opportunity to rebut that defense or to alter [Plaintiff's] litigation strategy accordingly." *Clews v. Cty. of Schuylkill*, 12 F.4th 353, 358 (3d Cir. 2021) (allowing an employer to raise an FLSA exception after the close of discovery because the plaintiff had not been prejudiced). Plaintiff's Complaint and 26(f) Report submission make clear that Plaintiff was not prejudiced, as he has litigated this case as though § 207(k)'s partial exemption applied from the beginning.

The Court's Order on the eve of trial created confusion about the role § 207(k) would play at trial. *See* ECF No. 40. But Plaintiff's counsel brought this confusion to the Court's attention before opening arguments, and the Court clarified that Defendant still had a burden to prove that § 207(k) applies to this case and that Plaintiff still had the right to hold Defendant to that burden. Tr. 9:1–11:1; 225:5–226:1. The Court also offered the parties an opportunity to

## IV. CONCLUSIONS OF LAW

1. Defendant is a "public agency" pursuant to 29 U.S.C. § 203(x).

2. Plaintiff was an employee engaged in "fire protection activities" pursuant to 29 U.S.C. § 203(y).

3. Defendant established a regularly recurring eight-day work period pursuant to 29 U.S.C. § 207(k)(2) that was in effect for the entirety of Plaintiff's employment as a First Deputy Fire Chief.

4. Accordingly, even if Plaintiff were a non-exempt employee entitled to the protections of 29 U.S.C. § 207, Defendant was permitted to employ Plaintiff up to sixty-one hours per eight-day work period before Plaintiff would become entitled to overtime compensation under 29 U.S.C. § 207(k).

5. Plaintiff's claim under the FLSA fails because Plaintiff did not work more than sixty-one hours in any eight-day work period within the three years preceding this lawsuit.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

reopen the record and submit additional evidence related to the § 207(k) partial exemption if they so desired. Tr. 226:23–227:19.

In light of Plaintiff's ample notice that § 207(k) could apply to this case and the Court's efforts to ensure each party had an adequate opportunity to present evidence on the issue, it is fair and proper for the Court to rely on § 207(k) to resolve this case.